**NOT RECOMMENDED FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

FRANCISCO MARTINEZ-ESTRADA,　)
　　　　　　　　　　　　　　　)
　　　　Petitioner,　　　　　)　　Civil Action No. 6: 05-545-DCR
　　　　　　　　　　　　　　　)
V.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　)
CHARLES SAMUELS, JR., Warden,　)　　**MEMORANDUM OPINION**
　　　　　　　　　　　　　　　)　　　　**AND ORDER**
　　　　Respondent.　　　　　)

**　\*\*　　\*\*　　\*\*　　\*\*　　\*\***

Francisco Martinez-Estrada, an individual currently incarcerated in the Federal Correctional Institution in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 and has now paid the district court filing fee. This matter is before the Court for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

## CLAIMS AND ALLEGATIONS

The Petitioner challenges his conviction and sentence on several grounds. The following is a summary or construction of the allegations contained in his typewritten petition. [Record No. 1].

The Petitioner recounts his indictment and conviction of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§841(a) and 846, following a jury trial in the United States District Court for the Southern District of Florida.   On October 2, 1992, Martinez-Estrada was sentenced to 204 months' imprisonment.   Upon his appeal, the conviction and sentence were affirmed by the Eleventh Circuit.  *Martinez-Estrada v. United States*, 38 F.3d 572 (11th Cir. 1994) (unpublished), *cert. denied*, 513 U.S. 1179 (1995).

The Petitioner admits that he has filed a previous petition for writ of habeas corpus in this Court, pursuant to 28 U.S.C. §2241.  *See Martinez-Estrada v. Snyder*, London Div., No. 6: 01-100-JBC.  A reading of Docket Entry 2 indicates that the Petitioner alleged that he had filed a motion to vacate pursuant to 28 U.S.C. §2255 with the trial court in March of 1997.  However, that motion was denied in 1999.  Shortly thereafter, *Apprendi v. New Jersey*, 530 U.S. 466 (2000), was decided.

In his first §2241 proceeding, the Petitioner claimed to be entitled to relief under *Apprendi*.  However, that claim was rejected by this Court.  On appeal, the United States Court of Appeals for the Sixth Circuit affirmed, finding that the Petitioner had not carried his burden of demonstrating that his remedy under §2255 was inadequate or ineffective to test the legality of his detention.  *Martinez-Estrada v. Snyder*, 53 Fed.Appx. 319 (6th Cir. 2002) (unpublished) (citing 28 U.S.C. §2255 at ¶5, and *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999)), *cert. denied*, 540 U.S. 852 (2003).  "Because the Supreme Court has not made the *Apprendi* rule retroactive, Martinez-Estrada's claims do not fit within the exception to §2255 and cannot be brought under §2241."  *Id.* at 320.

In his current petition, Martinez-Estrada states that he later filed a motion to bring a successive §2255 motion to the trial court, but the Eleventh Circuit denied authorization for a successive petition on June 24, 2005. Several months later, on October 5, 2005, he filed this action, again relying on this Court's jurisdiction under 28 U.S.C. §2241 and pointing to the Eleventh Circuit's denial of permission to file a successive §2255 motion in the trial court.

This time, the Petitioner contends he can carry the *Charles* burden of showing that his remedy under §2255 is inadequate or ineffective to test the legality of his detention. He claims to be able to meet this burden because the Eleventh Circuit refused to let him file another §2255 motion to raise this claim and also because his claim is based on a newer Supreme Court decision, *Booker v. United States*, 160 L. Ed. 2d 621 (2005), which he claims has been made retroactive to cases on collateral review. Thus, he contends that he can now show that his remedy under 28 U.S.C. §2255 is inadequate and ineffective to test the legality of his detention and this Court may grant him relief under its §2241 jurisdiction.

The Petitioner quotes at length from *United States v. Anderson*, 396 F.3d 1336 (11th Cir. 2005), and argues that under that authority, the assertion that *Booker* is not retroactive is "blatantly incorrect." Additionally, he contends that he is "actually innocent of the offense and sentence that he is now serving." He explains that the indictment alleged no specific quantity of marijuana and it was the judge who found the Petitioner distributed 26,000 pounds of marijuana under a preponderance of evidence standard and increased his sentence

from 18-24 months to 204 months.  Claiming that his sentence violates the Sixth Amendment under *Booker*'s holding, the Petitioner seeks immediate release from confinement.

DISCUSSION

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court.  A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a Petitioner is incarcerated and may only challenge *execution* of sentence, such as the computation of parole or sentence credits.  *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979).  Since the Petitioner's claims relate to the conviction obtained and sentence imposed by the federal district court in the Southern District of Florida, they are not ordinarily cognizable claims for this Court under 28 U.S.C. §2241.

Nevertheless, certain language in the fifth paragraph of 28 U.S.C. §2255 provides that a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241.  Commonly called the "savings clause" of §2255, such use of §2241 is conditioned upon the Petitioner establishing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71.

In *Charles v. Chandler*, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit noted that Congress's enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA), effective April 24, 1996, imposed several statutory restrictions on a prisoner's ability to file habeas petitions under 28 U.S.C. §§2254 and 2255, including a one-year statute of limitations

-4-

and the pre-authorization requirement for a prisoner who wishes to raise issues in a second or successive motion.  The court held that a §2241 petitioner challenging his conviction or sentence must first demonstrate that his remedy under §2255 is truly inadequate or ineffective.  Further, an earlier unsuccessful §2255 motion will not meet this standard.  180 F.3d at 757.

Later, in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit identified an additional necessary element in the threshold test which a petitioner must meet for a court to use its §2241 jurisdiction to entertain a challenge to a petitioner's conviction or sentence. The prisoner who asks the court to exercise its §2241 jurisdiction on a §2255 issue must also demonstrate that he has a claim of "actual innocence," as did the petitioner in *Martin*.

Although it is not clear what the Petitioner argued to the Eleventh Circuit in his request to bring another §2255 motion to the trial court, it is clear that the Petitioner has utterly failed to demonstrate the second component, *i.e.*, that he is actually innocent of criminal wrongdoing based on an intervening Supreme Court decision that narrowly defines a term of the statute under which he was convicted.

Actual innocence is discussed at length in *Bousley v. United States*, 523 U.S. 614 (1998), with the Supreme Court noting that, "[t]o establish actual innocence, Petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623.  The Court went on to state, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id.* at 623-24.  This Petitioner's claims are actually legal ones, and case

-5-

law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense charged in the indictment*. *See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. September 24, 2001) (same).

At most, like the unsuccessful petitioner in *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the instant Petitioner "is innocent . . . only in the technical sense." *Id.* at 609. *See Faircloth v. Perez*, 2001 WL 1136004 (6th Cir. 2001) (unpublished); *Ross v. Hemingway*, 2001 1135983 (6th Cir. 2001) (unpublished).

Even if the Court were to consider the Petitioner's claims based on *Booker*, the law in this circuit is that *Booker* is not applicable to cases that were final prior to the date of the Supreme Court's decision.  In *Humphress v. United States*, 398 F.3d 855 (6th Cir.), *cert. denied*, 126 S.Ct. 199 (2005), the Sixth Circuit specifically held that *Booker* is not applicable on collateral review.  Although the Petitioner criticizes *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir.2005) (""It follows that because *Booker*, like *Blakely* and *Ring*, is based on an extension of *Apprendi*, [the Petitioner] cannot show that the Supreme Court has made that decision [*Booker*] retroactive to cases already final on direct review.""), *Anderso*n is consistent with this circuit's conclusion in *Humphress*.

Because the Petitioner has failed to pass the threshold of demonstrating that his remedy *via* a §2255 motion to the trial court is barred and that he is actually innocent of criminal conduct under an intervening ruling handed down from and made retroactively applicable by the Supreme Court of the United States, his petition will be denied and his civil action dismissed.

### CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** as follows:

(1)   Petitioner Martinez-Estrada's petition for writ of habeas corpus is **DENIED**.

(2)   This action is **DISMISSED**, with prejudice.   Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 17th day of November, 2005.

Signed By:

*Danny C. Reeves*  DCR

United States District Judge